# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 16, 2008

Charles R. Fulbruge III
Clerk

No. 07-10865
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSEPH ARTHUR BOLTON

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-24-1

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Joseph Arthur Bolton appeals the sentence imposed following his guilty plea conviction for making threats against the President of the United States in violation of 18 U.S.C. § 871. He argues that the district court erred in enhancing his offense level pursuant to U.S.S.G. § 2A6.1(b)(1).

We review the procedural soundness and substantive reasonableness of Bolton's sentence under the abuse-of-discretion standard of review. Gall v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States, 128 S. Ct. 586, 594 (2007). The district court's determination that, pursuant to § 2A6.1(b)(1), Bolton's conduct evidenced an intent to carry out his threats is a factual finding and must be reviewed for clear error. United States v. Goynes, 175 F.3d 350, 353 (5th Cir. 1999).

Because Bolton solicited another person to assassinate the President and because he attempted to travel to the President's ranch for reconnaissance purposes, the district court did not clearly err in applying the § 2A6.1(b)(1) enhancement. See Goynes, 175 F.3d at 355. In addition, Bolton points to nothing in the Guidelines that precludes application of the § 2A6.1 enhancement if the defendant could not have ultimately carried out his threat. Accordingly, the district court did not clearly err in applying the § 2A6.1(b)(1) enhancement. Moreover, because the district court imposed a sentence within the properly calculated guidelines range, it is presumptively reasonable. Gall, 128 S. Ct. at 597; Rita v. United States, 127 S. Ct. 2456, 2462 (2007); United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). Bolton's sentence is AFFIRMED.